UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ROY GUZMAN,<br>    Plaintiff,<br><br>    v.<br><br>JO ANNE B. BARNHART<br>Commissioner of the Social Security<br>Administration,<br>    Defendant. | )<br>)<br>)<br>)   CAUSE NO. 2:01-CV-384-PRC<br>)<br>)<br>)<br>)<br>) |

**OPINION AND ORDER**

On October 18, 2004, the Plaintiff, Roy Guzman, filed a Motion for Summary Judgment or Remand [DE 29]. The Defendant, the Commissioner of the Social Security Administration, did not file a response to the Plaintiff's Motion for Summary Judgment or Remand; rather, on January 14, 2005, the Defendant filed an Ex Parte Motion to Remand to the Commissioner [DE 32]. The Plaintiff seeks judicial review of a final decision by the Commissioner which denied the Plaintiff disability insurance benefits under the Social Security Act. The Plaintiff seeks review pursuant to 42 U.S.C. § 405(g). The Defendant seeks remand to instruct the Administrative Law Judge ("ALJ") to follow the five sequential steps provided for in the Social Security Regulations. For the following reasons, the Court grants the Plaintiff's Motion for Summary Judgment and denies the Defendant's Ex Parte Motion to Remand to the Commissioner.

**PROCEDURAL BACKGROUND**

The Plaintiff applied for Disability Insurance Benefits and Supplemental Security Income benefits on October 16, 1991, alleging disability since April 25, 1991. After three hearings–in 1993,

1

1996, and 1997–ALJ Dennis R. Kramer issued a decision on March 28, 1997, and found the Plaintiff disabled and unable to perform sedentary work because of the functional restrictions from his severe depression, personality disorder, back disorders, and degenerative arthritis of the back. The ALJ found that the Plaintiff had not engaged in substantial gainful activity since April 25, 1991, the date from which he claims disability. However, the ALJ found that the Plaintiff had only been disabled since June 3, 1993. In support of this finding, the ALJ stated that the objective medical evidence, the Plaintiff's treatment regimen, and the Plaintiff's daily activities were inconsistent with his disability claim for the time period from April 25, 1991, to June 3, 1993. The Plaintiff appealed that part of the ALJ's decision, and on June 8, 1999, Judge Allan Sharp of the United States District Court for the Northern District of Indiana, Hammond Division, reversed that part of the decision and remanded the matter for administrative proceedings to determine whether the Plaintiff was entitled to benefits for the time period from April 1991 to June 1993.

In accordance with the order to remand, a fourth hearing was held on July 21, 1999, before ALJ William J. Wilkin. In his decision of May 24, 2000, ALJ Wilkin determined that the Plaintiff was not disabled in 1991 or 1992 because he received unemployment compensation during that time period.[1] The ALJ did not deny benefits based on an analysis of the Plaintiff's physical or mental impairments. The ALJ's findings for that hearing include the following:

1. The claimant has not engaged in substantial gainful activity during the period between April 25, 1991, and June 3, 1993.

2. The medical evidence establishes that the claimant has the following severe impairments: severe depression, a personality disorder, disorders of the back, and degenerative arthritis of the back.

---

[1] The ALJ found that the Plaintiff was disabled for the period between January 1, 1993, and June 3, 1993, and he was entitled to benefits for that time period.

3. The claimant has no impairment which meets or equals the criteria of any impairment listed in Appendix 1, Subpart P, Regulations No. 4.

4. The claimant's allegations of disabling symptoms, or combination thereof, of such severity as to preclude all types of work activity symptoms, for the period between April 25, 1991 to December 31, 1992, are not consistent with the evidence as a whole and are not generally persuasive.

5. From April 25, 1991 to December 31, 1992, the claimant was able to lift and/or carry 10 pounds occasionally or 5 pounds frequently.

6. From January 1, 2003 to June 3, 1993, the claimant's impairments prevented him from engaging in sustained work activity.

7. The claimant is unable to perform the requirements of his past relevant work.

8. On June 3, 1993, the claimant was a younger individual age 18-44.

9. The claimant has a limited education.

10. The claimant has a skilled background. The acquired skills are not transferable.

11. In view of the claimant's vocational characteristics and a residual functional capacity for the full range of sedentary work during the period between April 25, 1991 and December 31, 1992, Medical-Vocational Rule 201.25 applies and directs a finding of "not disabled." Additionally, based upon the claimant's residual functional capacity, and vocational factors, there are no jobs existing in significant numbers which he could have performed from January 1, 1993 to June 3, 1993. This finding is based upon Social Security Rulings 96-9p and 85-15.

12. The claimant was not under a "disability," as defined in the Social Security Act, from April 25, 1991 to December 31, 1992.

13. The claimant has been under a disability, as defined in the Social Security Act, from January 1, 1993 to June 3, 1993 (20 C.F.R. §§404.1520(f) and 416.920(f)).

The Plaintiff again appealed the unfavorable part of the decision. On November 7, 2002, Magistrate Judge Theresa L. Springmann of the United States District Court for the Northern District of

Indiana, Hammond Division, reversed the unfavorable part of the ALJ's decision and remanded the matter for a *de novo* hearing regarding the time period from April 1991 to December 1992.

Then, in accordance with this second remand order and twelve years after the Plaintiff first filed for disability benefits, ALJ Wilkin held a fifth hearing on July 9, 2003.  The fifth hearing addressed whether receiving unemployment compensation during the time period from April 25, 1991, to December 31, 1992, should preclude the Plaintiff from receiving disability benefits for the same time period.  On January 12, 2004, the ALJ issued a decision denying disability for that time period because the Plaintiff had received unemployment compensation and held himself out as "ready, willing and able" to work during that time period.  Thus, according to the ALJ, the Plaintiff was capable "by admission of engaging in substantial gainful activity" during that time.  The ALJ's decision of January 12, 2004, included the following findings:

1. The claimant did not engage in substantial gainful activity during the period April 25, 1991 through December 31, 1992.

2. The claimant collected unemployment compensation, and held himself out as  "ready, willing and able" to work during the period April 25, 1991 through December 31, 1992.  Accordingly, he was capable by admission of engaging in substantial gainful activity during the aforementioned time frame.

3. The claimant is not under a disability during the period April 25, 1991 through December 31, 1992 (20 CFR §§404.1505(a) and 416.905(a)).

On May 25, 2004, the Appeals Council notified the Plaintiff that a certified copy of the administrative record would be forwarded to the U.S. Attorney and this Court. On April 22, 2004, the Plaintiff filed a Motion to Reinstate Case, and on June 9, 2004, the Court granted the Plaintiff's Motion to Reinstate Case, and the case was reopened.

On October 18, 2004, the Plaintiff filed a Motion for Summary Judgment or Remand.  On

4

January 14, 2005, the Defendant filed an Ex Parte Motion to Remand to the Commissioner. On January 31, 2005, the Plaintiff filed a Response in Opposition to Defendant's Ex Parte Motion to Remand to the Commissioner. The Defendant did not file a reply.

Both parties have consented to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Thus, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405 (g).

**FACTS**

The Plaintiff was born on September 20, 1958, and he was forty-two years old on April 25, 1991. He attended school through the eleventh grade and previously worked as a laborer, carpenter, and stacker. The Plaintiff did not engage in substantial gainful activity from April 25, 1991, to December 31, 1992. However, he drew $20,763 in unemployment compensation in 1991 and 1992. He claims to have suffered from the following disorders: severe depression, personality disorder, back disorders, and degenerative arthritis of the back. Furthermore, the Plaintiff claims he has been disabled since April 25, 1991.

**A. The 2004 Decision of ALJ Wilken**

In his decision, ALJ Wilkin stated that the specific issue he needed to address was "whether receipt of unemployment compensation during the period April 25, 1991 through December 31, 1992, precludes the payment of disability-based benefits . . . during this period." The ALJ also framed the issue as whether a statement that the Plaintiff was "ready, willing and able to work" is considered dispositive on the issue of disability.

5

In his decision, the ALJ wrote that disability is an inability to perform substantial gainful activity because of a medically determinable physical or mental impairment that has lasted or could be expected to last for at least twelve months. However, he noted that if an individual is not working when he claims to be disabled, the ALJ is to consider medical evidence to determine whether the severity of the condition precludes substantial gainful activity. He next acknowledged that in some instances, such as with alcohol or drug abuse, even when an individual would be determined disabled, benefits will not be paid. The ALJ then went on to make the following determination: "I contend that ability to perform substantial gainful activity, by admission as opposed to event, constitutes another exception to the medical evidentiary standard." This determination is consistent with a previous statement made by the ALJ in the 1999 hearing. After the ALJ's similar statement at the 1999 hearing, the following discussion occurred between the Plaintiff's attorney and ALJ Wilkin:

> ALJ: I think the law is pretty strong under the circumstance of Unemployment Compensation, as I've mentioned on the part of the claimant, that's what I'm saying.
>
> ATTY: I don't know of any law that says you can't get Social Security Disability Benefits if you file [for Unemployment Compensation].
>
> ALJ: Well, that could be if they haven't already made [the law] and, and then I will make it.

During the 1999 hearing, the ALJ also stated:

> I don't agree with Judge [Kramer] in regard to this particular decision, and *I find that the claimant is disabled*, but I will not grant disability if there is any open question regarding during that period of time, as to whether the claimant was collecting unemployment insurance, or was engaged in substantial gainful activity.

(emphasis added). Likewise, during the 2003 hearing, the ALJ stated:

> . . . I think the only issue is a legal question. . . . [W]e've got the transcript of the

> record and I think the only issue is a legal issue now and it's a legal question . . . . *I'm willing to say that he met the medical requirements* for that but the other requirements of course are the ones in question that I have to decide, the unemployment benefits situation.

(emphasis added).

In his 2004 decision, the ALJ noted that courts in the Seventh Circuit have held that the mere acceptance of unemployment benefits does not prove an individual is physically able to work. However, he also noted that courts appear to have considered "admissions against interest." The ALJ determined that he must elicit evidence that the complainant actually represented he was able to work in order to deny disability benefits. He then reasoned that since the Plaintiff's testimony from the 1999 hearing demonstrated his understanding of the conditions for receiving unemployment and that he was claiming to be "ready, willing and able" to work, his statements that he was able to work prevent him from being eligible for benefits.

The testimony relied on by the ALJ was taken from the 1999 hearing. During the 1999 hearing, the Plaintiff was asked what was required to receive unemployment compensation. He testified as follows: "Fill out a paper, and I think . . . send it through the mail, and the, the paper what it say follows, basically, what the Judge said about, you known, ready, willing and able to work and signed it and send it off." When his attorney asked him if he was ready, willing, and able to work, he responded that he ". . . was signing it, to do that, to get the money." The Plaintiff also stated that he did not have to actually apply for employment; rather, the forms just asked where he was looking for work. Then, when asked if he was willing to work if a job was available, the Plaintiff stated that he " . . . was willing, it depends on what stage I, I was in . . . ."

The ALJ took all of this testimony to demonstrate that the Plaintiff understood the conditions of receiving unemployment compensation and that he was certifying himself as "ready, willing, and

7

able" to work. ALJ Wilkin went on to note that although the Plaintiff suggested at the hearing that he could not have worked for a sustained period, "these were afterthoughts that were never tested." Thus, the ALJ stated his position as a reasonable person standard: "[H]e knew, or should have known, the potential ramifications of collecting unemployment compensation."

## STANDARD OF REVIEW

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42. U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will only reverse if the findings are not supported by substantial evidence or if the ALJ has applied an erroneous legal standard. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000). Substantial evidence consists of relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Buteral v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A court reviews the entire administrative record but does not reconsider facts, reweigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *Clifford*, 227 F.3d at 869; *Butera*, 173 F.3d at 1055. Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ's findings are supported by substantial evidence and under the correct legal standard. *Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003); *Schmidt v. Apfel*, 201 F.3d 970, 972 (7th Cir. 2000). If an error of law is committed by the commissioner, then the "court must reverse the decision regardless of the volume of evidence supporting the factual findings." *Binion v. Chater*, 108 F.3d

780, 782 (7th Cir. 1997).

## DISABILITY STANDARD

To be eligible for disability benefits, a claimant must establish that he suffers from a "disability" as defined by the Social Security Act and regulations. The Act defines "disability" as an inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423 (d)(1)(A) & 1382c(a)(3)(A). To be found disabled, the claimant's impairment must not only prevent him from doing his previous work, but considering his age, education, and work experience, it must also prevent him from engaging in any other type of substantial gainful activity that exists in significant numbers in the economy. 42 U.S.C. § 423 (d)(2)(A); 20 C.F.R. § 404.1520(e), (f); 20 C.F.R. § 416.920(e), (f).

When a claimant alleges a disability, Social Security regulations provide a five-step inquiry to evaluate whether the claimant is entitled to benefits. 20 C.F.R. § 416.920(a)-(f). The Seventh Circuit has summarized the sequence as follows:

> (1) whether the claimant is currently employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals one of the impairments listed by the [Commissioner]; (4) whether the claimant can perform his past relevant work; and (5) whether the claimant is capable of performing work in the national economy. Under the five-part sequential evaluation process, "[a]n affirmative answer leads to the next step, or, on Step 3 and 5, to a finding that the claimant is disabled. A negative answer at any point, other than Step 3, ends the inquiry and leads to a determination that a claimant is not disabled." If a claimant reaches step 5, the burden shifts to the ALJ to establish that the claimant is capable of performing work in the national economy.

*Zurawski v. Halter*, 245 F.3d 881, 885-86 (7th Cir. 2001) (citations omitted) (alterations in original);

*see also* 20 C.F.R. §§ 404.1520(a)(4)(i)-(iv); *Sheck v. Barnhart*, 357 F.3d 697, 699-700 (7th Cir. 2004).  At the fourth and fifth steps, the ALJ must consider an assessment of the claimant's RFC. "The RFC is an assessment of what work-related activities the claimant can perform despite her limitations." *Young v. Barnhart*, No. 03-1545, 2004 WL 692167, at *4 (7th Cir. Apr. 2, 2004); *see* 20 C.F.R. § 404.1545(a)(1) ("Your residual functional capacity is the most you can still do despite your limitations.").  The ALJ must assess the RFC based on all the relevant evidence of record. *Young*, 2004 WL 692167, at *4 (citing 20 C.F.R. § 404.1545(a)(1)).

An ALJ must articulate, at a minimum, his analysis of the evidence in order to allow the reviewing court to trace the path of his reasoning and to be assured that the ALJ considered the important evidence.  *Green v. Shalala*, 51 F.3d 96, 101 (7th Cir. 1995); *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995).  The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits." *Zurawski*, 245 F.3d at 888.  The ALJ must build an "accurate and logical bridge from the evidence to his conclusion so that, as a reviewing court, we may assess the validity of the agency's ultimate findings and afford a claimant meaningful judicial review." *Young*, 2004 WL 692167 at *6 (quoting *Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002)); *see Hickman v. Apfel*, 187 F.3d 683, 689 (7th Cir. 1999) (citing *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996)).

**ANALYSIS**

In support of his Motion for Summary Judgment, the Plaintiff argues that the ALJ has already determined that the Plaintiff is disabled, that no factual issues remain to be resolved, and that the obduracy of the ALJ should result in awarding benefits.  The Defendant responds that this Court

should remand the matter to ALJ Wilkin for a sixth hearing to determine unresolved factual issues and to decide whether that factual evidence supports an award of benefits. Specifically, the Defendant argues that the matter should be remanded with instructions to perform the sequential analysis outlined in this Order under "Disability Standard."

If an error of law is committed by the Commissioner, then the "court must reverse the decision regardless of the volume of evidence supporting the factual findings." *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997). Sentence four of 42 U.S.C. § 405(g) grants courts the power to enter "judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). An outright award of benefits may be granted only under certain limited circumstances. If a court determines that substantial evidence does not support the Secretary's decision, the court can reverse the decision and immediately award benefits "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Secretary of Health and Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994). The Seventh Circuit Court of Appeals has determined that an award of benefits is appropriate when the record yields only one supportable conclusion. *See Campbell v. Shalala*, 988 F.2d 741, 744 (7th Cir. 1993).

A court is more likely to judicially award benefits when the matter has been remanded previously and the agency has been unwilling or unable to adjudicate the application. *Alexander v. Barnhart*, 287 F. Supp. 2d 944, 968 (E.D. Wis. 2003)(noting that the ALJ twice failed to produce a proper decision); *Gotz v. Barnhart*, 207 F. Supp. 2d 886, 903 (E.D. Wis. 2002); *see also Wilder v. Apfel*, 153 F.3d 799, 804 (7th Cir. 1998) (awarding benefits where the ALJ "left the case exactly where it was the last time: with no reasoned basis for the denial of benefits"); *Linder v. Sullivan*,

11

902 F.2d 1263, 1267 (7th Cir. 1990) (stating that "[w]e recognize the merit of bringing this interminable litigation to an end as soon as resolution of the major issues will permit" when a claimant had appeared three times before two ALJs and had appealed twice to the district court after Appeals Council reviews); *Worzalla v. Barnhart*, 311 F. Supp. 2d 782, 800 (E.D. Wis. 2004) (stating that obduracy in following the law when there is no question about a claimant's disability requires a judicial award of benefits); *Briscoe v. Barnhart*, 309 F. Supp. 2d 1025, 1042 (N.D. Ill. 2004); *Rohan v. Barnhart*, 306 F. Supp. 2d 756, 770 (N.D. Ill. 2004).[2]

The ALJ has already stated, on multiple occasions in the record, that the Plaintiff was disabled for the time period in question. Multiple sequential analyses have been performed, and the ALJ stated on the record that he was willing to accept that the medical evidence supported awarding disability benefits. As set forth throughout the record, the ALJ believed the Plaintiff could not engage in any substantial gainful activity and did not have the RFC to perform in a work setting during the time period from April 25, 1991, to December 31, 1992. His only concern was whether disability benefits could be awarded if the Plaintiff received unemployment compensation during the same time period, and he decided to deny benefits based only on the Plaintiff's receipt of unemployment compensation.

The Seventh Circuit has found that working a regular job will not preclude benefits.

---

[2] The Plaintiff argues that the "doctrine of obduracy" should apply. The Defendant asserts that no case has referred to an "obduracy doctrine" and that even if awards have been granted according to such a doctrine, the Constitution prohibits an award without a specific statute authorizing compensation.
  According to standard principles of statutory construction, this Court will decide the case before it on the narrowest grounds. Thus, while the Court will not resolve this case on the obduracy issue, the Court notes that the Plaintiff has a compelling argument under the facts of this case. Thirteen years and five hearings is more than two times the length of time or number of hearings in previous cases which resulted in a judicial award of benefits. Likewise, the ALJ seemed to have predetermined the result according to the rule he wanted to apply rather than considering all relevant United States Supreme Court and Seventh Circuit precedent in addition to the facts and policy questions at hand.

*Compare Jones v. Shalala*, 21 F.3d 191, 192-93 (7th Cir. 1994), *with Deal v. Bowen*, No. 85 C 7344, 1986 WL 4458 at *4 (N.D. Ill. 1986) (unpublished opinion). According to Judge Posner, "maybe . . . a seriously disabled worker is able to work only by dint of his extraordinary determination and the extraordinary assistance extended to him by kindly fellow workers." *Jones*, 21 F.3d at 192-93. Judge Posner reasoned that this employment was not substantial gainful employment because if it were not for the claimant's efforts or that of those extending "beyond the call of duty," the claimant would be unemployed. *Id.* Moreover, mere job seeking is not evidence of lack of credibility. *Heldenbrand v. Chater*, 1997 U.S. App. LEXIS 35559, *39-*42 (7th Cir. 1997) (unpublished opinion). Consequently, "a claimant's unsuccessful efforts to secure employment [may] result in his needing less evidence of disability than if he had made no such effort." *Id*.

According to the United States Supreme Court, "if an individual has merely applied for, but has not been awarded, SSDI benefits, any inconsistency in the theory of claims is of the sort normally tolerated by our legal system." *Cleveland v. Policy Management Systems Corp*., 526 U.S. 795, 805 (1999) (citing Fed. R. Civ. P. 8(e)(2)); *cf. Barnett v. Barnhart,* 381 F.3d 664, 669 (7th Cir. 2004) ("Having a job is not necessarily inconsistent with a claim of disability."); *Henderson v. Barnhart*, 348 F.3d 434, 435 (7th Cir. 2003) (noting that the plaintiff "may have a careless or indulgent employer or be working beyond his capacity out of desperation"); *Wilder,* 153 F.3d at 801 ("[E]mployment is not proof positive of ability to work, since disabled people, if desperate (or employed by an altruist), can often hold a job."); *Bartell v. Cohn*, 445 F.2d 80, 82 (7th Cir. 1971) ("[The] plaintiff's attempts to secure employment are [not relevant] to whether she was, in fact, disabled"). However, the plaintiff must explain how the two claims do not contradict each other. *Cleveland*, 526 U.S. at 805-06. In *Cleveland*, the Supreme Court specifically held that receiving

13

social security disability benefits is not *per se* inconsistent with the person filing for protection under the American with Disabilities Act.  *Id*. at 802-03 ("There are too many situations where an SSDI claim and an ADA claim can comfortably exist side by side.").  Because the Social Security Administration does not consider the possibility of reasonable accommodation, as required under the Americans with Disabilities Act, the essential issue of each statute is distinct.  *Id*. ("[A]n applicant [need not] refer to the possibility of reasonable accommodation when [he] applies for SSDI.").  Likewise, the Court noted that the Administration even grants benefits to people who "not only can work, but are working."  *Id*. at 805.; *see* 42 U.S.C. §§ 422(c), 423(e)(1); 20 C.F.R. §§ 404.1592, 404.1592a (1998).

The Plaintiff argues that the *Cleveland* analysis applies to unemployment compensation because when a disabled individual seeks work, he is essentially stating that he wants to work with reasonable accommodations for his conditions.  Because the Americans with Disabilities Act restricts employers to inquiring only about an applicant's ability to perform specific job related duties, with or without accommodation, it is possible for an individual to file for unemployment, seek work, obtain a job offer, and accept the job offer, before the person discovers that he is unable to perform the functions of the job even with accommodations.  *See* Americans with Disabilities Act of 1990, 42 U.S.C. § 12112(d)(2)(A)-(B) (2000).  Therefore, it does not seem inconsistent for individuals to pursue both disability and search for a new job since merely obtaining a job is no guarantee of ability to perform the work.  The Court agrees that there is certainly a strong public policy argument in favor of encouraging individuals to find work while waiting on their disability determinations.

The Plaintiff has three children and needed the money from the unemployment

14

compensation.  Likewise, as the ALJ points out, while the theory was never tested, he may have attempted to work if a job had become available.  As he was not hired, though, according to the Seventh Circuit's reasoning in *Jones*, his lack of employment may have been indicative of his disabled condition.  Merely completing the form to get the money is hardly an affirmation that he can work, and it is unlikely that a lay person would understand the legal significance of the word "able" in agreeing that he is "ready, willing, and able" to work.  Indeed, the Plaintiff's testimony seems to suggest that he was ready, willing, and able to *try* to work, depending on his condition at the time, to get the money he needed to support his family.  Thus, this evidence does not contradict his claim of disability.

For the Court to award benefits, the Court must find that all factual issues have been resolved and that someone with the Plaintiff's medical and vocational characteristics is unable to perform a significant number of jobs in the national economy.  Having reviewed the applicable law and regulations, the ALJ's decisions, the transcripts from the various hearings, and the voluminous record, the Court does not think that remand is necessary.  The necessary factual findings have already been made.  The Court accepts the facts as found by the ALJ.  However, while the Court accepts the factual findings of the ALJ, the Court finds that the ALJ did not consider all of the correct legal standards.  Viewing the factual findings of the ALJ in light of the relevant legal standards and regulations, the Court finds that the record in this case yields only one supportable conclusion–that the Plaintiff's application for benefits for the period of April 25, 1991, through December 31, 1992, should not have been denied because he received unemployment compensation during that time and that he is entitled to benefits for that period of time.  Since the Court finds that only one supportable conclusion exists, remand is unnecessary and would only waste the time and

resources of the ALJ, the Plaintiff and his attorney, and the Commissioner. Therefore, the Court, pursuant to sentence four of 42 U.S.C. § 405(g), determines that judgment should be entered for the Plaintiff, reversing without remand the decision of the Commissioner of Social Security.

## CONCLUSION

The Court finds that the ALJ did not consider all of the correct legal standards. Furthermore, the Court determines that if the ALJ had considered all the correct legal standards, then the record would only yield one supportable conclusion, namely, that the Plaintiff's application for benefits for the period of April 25, 1991, through December 31, 1992, should not have been denied because he received unemployment compensation during that time and that he is entitled to benefits for that period of time.

A decision that contains errors of law can be reversed without remand under sentence four of 42 U.S.C. § 405(g). Accordingly, the Court, pursuant to sentence four of 42 U.S.C. § 405(g), **GRANTS** the relief requested in the Plaintiff's Motion for Summary Judgment [DE 29] and **REVERSES** the decision of the ALJ. The Court hereby **ENTERS JUDGMENT** for the Plaintiff consistent with this order without remanding the case for further proceedings. The Court **DENIES** the Defendant's Ex Parte Motion to Remand to the Commissioner [DE 32].

SO ORDERED this 2nd day of June, 2005.

                                        s/ Paul R. Cherry
                                        MAGISTRATE JUDGE PAUL R. CHERRY
                                        UNITED STATES DISTRICT COURT

cc:    All counsel of record